**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD J. VOLIS, | No. 14-55955 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01397-MMM-SP |
| v. | |
| HOUSING AUTHORITY OF THE CITY OF LOS ANGELES EMPLOYEES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted October 25, 2016**

Before:    LEAVY, SILVERMAN, and GRABER, Circuit Judges.

Richard J. Volis appeals pro se from the district court's judgment dismissing

his action alleging federal claims under the Americans with Disabilities Act of

1990 ("ADA") and the Rehabilitation Act of 1973 ("RA"), and state law tort

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). We affirm.

The district court properly dismissed Volis' claims under the ADA and RA because Volis failed to allege facts sufficient to state any plausible claims. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004) (setting forth elements of a retaliation claim under the ADA); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (setting forth elements of a discrimination claim under the ADA and § 504 of the RA).

The district court properly dismissed Volis' state law tort claims because Volis failed to file a timely claim as required by the California Government Claims Act. *See* Cal. Gov't Code §§ 810 et seq.; *City of San Jose v. Superior Court*, 525 P.2d 701, 706 (Cal. 1974) (compliance with claim presentation is mandatory and failure to do so is fatal to action). Contrary to Volis' contentions that he is excused from the requirements of the California Government Claims Act, Volis has not alleged facts sufficient to support the application of the continuing violation doctrine, equitable estoppel, or the discovery rule.

14-55955

The district court did not abuse its discretion by denying Volis further leave to amend because amendment would have been futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (setting forth standard of review and explaining that a district court may deny leave on the basis of repeated failures to cure a pleading's deficiencies).

The district court did not abuse its discretion by denying Volis' request for leave to file a sur-reply because it reviewed the briefing and found that there were no new issues raised by defendants' reply brief that necessitated more argument. *See Sec. & Exch. Comm'n v. Seaboard Corp.*, 677 F.2d 1301, 1314 (9th Cir. 1982) (setting forth standard of review).

Volis' contentions that he is a beneficiary under Section 8 and that he has a private right of action as a Section 8 housing voucher recipient are unpersuasive. *See* 24 C.F.R. §§ 982.407, 982.456.

We do not consider issues raised for the first time on appeal or in the reply brief, including whether Volis' belated filing of a claim in August 2014 meets the requirements under the California Government Claims Act. *See Padgett v. Wright*, 587 F.3d 983, 986 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-55955